UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| URBAN GROUP EXERCISE CONSULTANTS, LTD.<br><br>        Plaintiff,<br><br>  v.<br><br>DICK'S SPORTING GOODS, INC.,<br><br>        Defendant. | Civil Action No. 1:12-CV-3599 (RWS) |

**DICK'S SPORTING GOODS, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

Michael A. Nicodema (MAN2949)
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ  07932
(973) 360-7900

Jeffrey P. Dunning (admitted *pro hac vice*)
Mark R. Galis (admitted *pro hac vice*)
Elysa Q. Wan (admitted *pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL  60601
(312) 456-8400

*Attorneys for Defendant Dick's Sporting Goods, Inc.*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFF'S AMENDED COMPLAINT FAILS TO DESCRIBE THE ALLEGED TRADE DRESS WITH PARTICULARITY..........................................................2

III. PLAINTIFF HAS NOT MET ITS BURDEN OF PLEADING THAT THE ALLEGED TRADE DRESS IS NON-FUNCTIONAL..........................................5

IV. PLAINTIFF'S ALLEGATIONS REGARDING SALES ARE INSUFFICIENT TO ESTABLISH SECONDARY MEANING OR FAME..........................................6

V. CONCLUSION......................................................................................................9

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 1, 2

*Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*,
  No. C 08-4397, 2008 WL 6742224 (N.D. Cal. Dec. 18, 2008) ................................ 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 1, 2

*Conley v. Gibson*,
  355 U.S. 41 (1957) ..................................................................................................... 2

*Heller Inc. v. Design Within Reach, Inc.*,
  No. 09 Civ. 1909, 2009 WL 2486054 (S.D.N.Y. Aug. 14, 2009) ..................... 4, 6, 7

*Heptagon Creations, Ltd. v. Core Group Marketing LLC*,
  No. 11 Civ. 01794, 2011 WL 6600267 (S.D.N.Y. Dec. 22, 2011) ........................ 5, 7

*ID7D Co., Ltd. v. Sears Holding Corp.*,
  No. 3:11cv1054, 2012 WL 1247329 (D.Conn. Apr. 13, 2012) .......................... 4, 5, 6

*Landscape Forms, Inc. v. Columbia Cascade Co.*,
  113 F.3d 373 (2nd Cir. 1997) ................................................................................ 3, 4

*Luv N' Care, Ltd. v. Regent Baby Products Corp.*,
  2012 WL 78042 (S.D.N.Y. Jan. 11, 2012) ................................................................ 7

*Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc.*,
  65 F.3d 1063 (2nd Cir. 1995) ................................................................................ 4, 6

*Shevy Custom Wigs v. Aggie Wigs*,
  No. 06 CV 1657, 2006 WL 3335008 (E.D.N.Y. Nov. 17, 2006) .......................... 3, 4

*SMJ Group, Inc. v. 417 Lafayette Restaurant LLC*,
  No. 06 Civ. 1774, 2006 WL 2516519 (S.D.N.Y. Aug. 30, 2006) ............................ 8

*Yurman Design, Inc. v. PAJ, Inc.*,
  262 F.3d 101 (2nd Cir. 2001) ................................................................................ 5, 6

**Statutes**

15 U.S.C. § 1125(a)(3) ................................................................................................... 4

15 U.S.C. § 1125(c)(2)(A) ............................................................................................. 7

15 U.S.C. § 1125(c)(4) ................................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 8

I.      **INTRODUCTION**{ TC "I   INTRODUCTION" \f C \l "1" }

On July 6, 2012, Defendant Dick's Sporting Goods, Inc. ("DSG") filed its Motion to Dismiss Plaintiff's Amended Complaint Under { TA \l "Fed. R. Civ. P. 12(b)(6)" \s "Fed. R. Civ. P. 12(b)(6)" \c 9 }Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss", Dkt. No. 12), which details how Plaintiff's Amended Complaint fails to clearly identify Plaintiff's alleged trade dress with the required particularity, or to allege facts which would support a finding that the alleged trade dress is non-functional and has acquired distinctiveness or fame.  Plaintiff's Response to DSG's Motion to Dismiss[1] fails to address how its allegations comply with the applicable pleading standards outlined in the authority cited by DSG.  Rather, Plaintiff attempts to rely on outdated pleading standards recited in old cases which are no longer good law, or simply ignores the relevant pleading requirements altogether.  As such, nothing in Plaintiff's Response provides any basis for this Court to deny DSG's Motion to Dismiss.

At the outset, while Plaintiff cites a number of archaic cases in support of the proposition that "a complaint need not allege specific facts to set forth a prima facie case" (Memo in Opposition, p. 3).  That outdated understanding of the pleading requirements under the Federal Rules is certainly not the law today.  The Supreme Court's opinions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007){ TA \l "*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)" \s "Bell Atl. Corp. v. Twombly" \c 3 }, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009){ TA \l "*Ashcroft v. Iqbal*,

---

[1] Curiously, Plaintiff filed two separate documents in response to DSG's Motion to Dismiss: (i) a "Memorandum of Law in Opposition to Defendant's Motion to Dismiss" ("Memo in Opposition", Dkt. No. 21), and (ii) an "Affirmation in Opposition to Defendant's Motion to Dismiss" ("Affirmation in Opposition", Dkt. No. 20).  While Plaintiff states that its "Affirmation in Opposition" was intended to serve as a statement of relevant facts (Memo in Opposition, p. 3), DSG notes that both of these documents include substantive arguments relating to the issues raised in DSG's Motion to Dismiss.  While DSG questions whether Plaintiff's filing of two separate documents which include arguments in response to the Motion to Dismiss complies with this Court's rules regarding briefing (see, e.g., Local Rule 7.1(b)), DSG will respond in this Reply to the arguments presented in both of those documents.

556 U.S. 662 (2009)" \s "Ashcroft v. Iqbal" \c 3 }, have clarified that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678{ TA \s "Ashcroft v. Iqbal" }. It is not enough to allege facts that merely raise the "sheer possibility that a defendant has acted unlawfully." *Id*{ TA \s "Ashcroft v. Iqbal" }. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a cause of action. *Id*{ TA \s "Ashcroft v. Iqbal" }.

Further, the *Twombly* court explained that the oft-recited adage (repeated by Plaintiff) that a complaint cannot be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is not a correct statement of the law, and never has been. *Twombly*, 550 U.S. at 561-63{ TA \s "Bell Atl. Corp. v. Twombly" }. As the *Twombly* court noted, that phrase (taken out of context from the Supreme Court's opinion in *Conley v. Gibson*, 355 U.S. 41 (1957){ TA \l "*Conley v. Gibson*, 355 U.S. 41 (1957)" \s "Conley v. Gibson" \c 3 }) "is best forgotten as an incomplete, negative gloss on an accepted pleading standard [which] described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Twombly*, 550 U.S. at 563{ TA \s "Bell Atl. Corp. v. Twombly" }. Thus, this Court must analyze the adequacy of Plaintiff's Amended Complaint under the actual pleading standards that exist today, not some antiquated version of notice pleading that has been soundly rejected by the Supreme Court.

**II.   PLAINTIFF'S AMENDED COMPLAINT FAILS TO DESCRIBE THE ALLEGED TRADE DRESS WITH PARTICULARITY**

Plaintiff now claims that it clearly defined its alleged trade dress in its Amended Complaint as "a black jumping mat surrounded by a red outline and protective fold skirt around

the mat that bears [Plaintiff's] Trademark" (Affirmation in Opposition, p. 3). However, Plaintiff does not expressly state anywhere in the Amended Complaint that its alleged trade dress is comprised of those – and only those – elements. Rather, Plaintiff's Amended Complaint also describes numerous other elements which make up the "overall design" of its Urban Rebounder product, including "a stabilizing bar, a support frame bar, locking pins, a jumping mat, a protective fold skirt surrounding the mat, springs, and legs to support the device" (Amended Complaint ¶ 9). Moreover, Plaintiff repeatedly describes its alleged trade dress using such indefinite language as the "black and red color scheme and design" (Amended Complaint ¶ 34), "distinguishing coloration in the product design" (Amended Complaint ¶ 25), "overall design with black and red color scheme" (Amended Complaint ¶ 42), and "overall design and black and red coloration" (Amended Complaint ¶ 44), among other descriptions.

Thus, it is impossible to tell from the Amended Complaint what elements of the Urban Rebounder's "overall design" – apart from the "black and red color scheme" – make up the alleged trade dress. It is not enough that Plaintiff specifically identify the elements of the alleged trade dress in a brief responding to a motion to dismiss – it must do so in the complaint itself. *See Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2nd Cir. 1997){ TA \l "*Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 (2nd Cir. 1997)" \s "Landscape Forms, Inc. v. Columbia Cascade Co." \c 3 } (noting the inconsistency between plaintiff's specific description of its alleged trade dress in a brief with its vague description of the alleged trade dress in its complaint). It is also unclear whether Plaintiff's registered URBAN REBOUNDING trademark is part of the alleged trade dress. *See Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, No. C 08-4397, 2008 WL 6742224 (N.D. Cal. Dec. 18, 2008){ TA \l "*Autodesk, Inc. v. Dassault Systemes SolidWorks*

*Corp.*, No. C 08-4397, 2008 WL 6742224 (N.D. Cal. Dec. 18, 2008)" \s "Autodesk, Inc. v. Dassault Systemes SolidWorks Corp." \c 3 } (noting that plaintiff's complaint did not clearly specify whether its trademark and tagline were part of the alleged trade dress). As such, Plaintiff's inconsistent and overly broad descriptions of the alleged trade dress in the Amended Complaint fail to put DSG on notice of how its accused Jump Trainer product is supposed to have infringed Plaintiff's trade dress. *Shevy Custom Wigs v. Aggie Wigs*, No. 06 CV 1657, 2006 WL 3335008, at *5 (E.D.N.Y. Nov. 17, 2006){ TA \l "*Shevy Custom Wigs v. Aggie Wigs*, No. 06 CV 1657, 2006 WL 3335008 (E.D.N.Y. Nov. 17, 2006)" \s "Shevy Custom Wigs v. Aggie Wigs" \c 3 }.

      Moreover, even if Plaintiff had clearly described the alleged trade dress in the Amended Complaint in terms of the elements it now proffers, it would still have failed to state a claim, because it has not alleged how any of those elements is unique or distinctive. A trade dress plaintiff must clearly specify not only *which* features are distinctive, but also *how* they are distinctive. *Heller Inc. v. Design Within Reach, Inc.*, No. 09 Civ. 1909, 2009 WL 2486054, at *6 (S.D.N.Y. Aug. 14, 2009){ TA \l "*Heller Inc. v. Design Within Reach, Inc.*, No. 09 Civ. 1909, 2009 WL 2486054 (S.D.N.Y. Aug. 14, 2009)" \s "Heller Inc. v. Design Within Reach, Inc." \c 3 }; *Shevy Custom Wigs,* 2006 WL 3335008, at *5{ TA \s "Shevy Custom Wigs v. Aggie Wigs" }. Plaintiff has failed to allege that its use of any of the features described in the Amended Complaint (e.g., a black jumping mat surrounded by a red outline, a protective fold skirt around the mat, etc.) is unique or distinctive in the industry. Indeed, because Plaintiff appears to be relying on color as a principal element of the alleged trade dress, it must allege facts showing that consumers would perceive its color scheme as being unique and distinctive. *See Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc.*, 65 F.3d 1063, 1071 (2nd Cir. 1995){

TA \l "*Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc.*, 65 F.3d 1063 (2nd Cir. 1995)" \s "Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc." \c 3 } (noting that the color black "does not act as a symbol and distinguish Mana's compacts from its competitors . . . because there are countless numbers of cosmetic companies that sell black compacts").

As a result, Plaintiff's Amended Complaint does not enable the Court to "evaluate how unique and unexpected the design elements are in the relevant market." *Heller Inc.*, 2009 WL 2486054, at *6{ TA \s "Heller Inc. v. Design Within Reach, Inc." } (citing *Landscape Forms*, 113 F.3d at 381{ TA \s "Landscape Forms, Inc. v. Columbia Cascade Co." }).  Thus, in the absence of any pled facts showing that the alleged trade dress is unique and differentiates Plaintiff's product from competitors' products, Plaintiff fails to state a claim for trade dress infringement.  *See ID7D Co., Ltd. v. Sears Holding Corp.*, No. 3:11cv1054, 2012 WL 1247329, at *8 (D.Conn. Apr. 13, 2012){ TA \l "*ID7D Co., Ltd. v. Sears Holding Corp.*, No. 3:11cv1054, 2012 WL 1247329 (D.Conn. Apr. 13, 2012)" \s "ID7D Co., Ltd. v. Sears Holding Corp." \c 3 } (dismissing trade dress claim where plaintiff did not allege how its "laundry list of features" comprising the alleged trade dress was distinctive); *Heller Inc.*, 2009 WL 2486054, at *6{ TA \s "Heller Inc. v. Design Within Reach, Inc." } (dismissing trade dress claim where plaintiff did not allege facts showing which elements of the alleged trade dress were distinctive, much less how they were distinctive).

### III.  PLAINTIFF HAS NOT MET ITS BURDEN OF PLEADING THAT THE ALLEGED TRADE DRESS IS NON-FUNCTIONAL

The law is well-settled that a plaintiff alleging infringement or dilution of unregistered trade dress must prove that its alleged trade dress is non-functional.  15 U.S.C. §§ 1125(a)(3){ TA \l "15 U.S.C. § 1125(a)(3)" \s "15 U.S.C. § 1125(a)(3)" \c 6 } and (c)(4){ TA \l "15 U.S.C. §

1125(c)(4)" \s "15 U.S.C. § 1125(c)(4)" \c 6 }; *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116 (2nd Cir. 2001){ TA \l "*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2nd Cir. 2001)" \s "Yurman Design, Inc. v. PAJ, Inc." \c 3 }; *Heptagon Creations, Ltd. v. Core Group Marketing LLC*, No. 11 Civ. 01794, 2011 WL 6600267, at *7 (S.D.N.Y. Dec. 22, 2011){ TA \l "*Heptagon Creations, Ltd. v. Core Group Marketing LLC*, No. 11 Civ. 01794, 2011 WL 6600267 (S.D.N.Y. Dec. 22, 2011)" \s "Heptagon Creations, Ltd. v. Core Group Marketing LLC" \c 3 }. As the Second Circuit has noted, this requirement was added to the trademark statute by the Trademark Amendments Act of 1999. *Yurman Design*, 262 F.3d at 116{ TA \s "Yurman Design, Inc. v. PAJ, Inc." }. Thus, while Plaintiff's characterization of the non-functionality requirement as an affirmative defense was correct prior to 1999, that has not been the law for the last 13 years. *Id*{ TA \s "Yurman Design, Inc. v. PAJ, Inc." }.

Thus, the Court can easily dispose of Plaintiff's argument that it need not plead any facts establishing that its alleged trade dress is non-functional. Courts routinely dismiss trade dress claims where, as here, the plaintiff fails to allege any facts showing that its unregistered trade dress is non-functional. *See, e.g., ID7D Co.*, 2012 WL 1247329, at *6-7{ TA \s "ID7D Co., Ltd. v. Sears Holding Corp." } (dismissing complaint where plaintiff conclusorily alleged that the alleged trade dress was non-functional); *Heptagon Creations*, 2011 WL 6600267, at *7{ TA \s "Heptagon Creations, Ltd. v. Core Group Marketing LLC" } (same). This case should be no exception.

### IV. PLAINTIFF'S ALLEGATIONS REGARDING SALES ARE INSUFFICIENT TO ESTABLISH SECONDARY MEANING OR FAME

Plaintiff argues it has adequately pled that the alleged trade dress has acquired distinctiveness based on its allegation that the "core black and red overall design has been

applied to the millions of every [sic] Urban Rebounder sold since 2008" (Memo in Opposition, p. 6). However, the law is clear that merely alleging extensive sales of a product is not sufficient to plead that the product's trade dress has acquired distinctiveness (much less fame) among the consuming public.

Because trade dress claims "raise a potent risk that relief will impermissibly afford a level of protection that would hamper efforts to market competitive goods" and courts "exercise particular caution when extending protection to product designs," a plaintiff claiming trade dress protection for a product design must plead facts which would support a finding that "in the minds of the public, the primary significance [of the trade dress] is to identify the source of the product rather than the product itself (what is known as 'acquired distinctiveness' or 'secondary meaning')." *Yurman Design*, 262 F.3d at 114-15{ TA \s "Yurman Design, Inc. v. PAJ, Inc." } (citations omitted). In other words, Plaintiff must plead facts which, if proven, would show that consumers associate the alleged trade dress with Plaintiff, and Plaintiff alone. Moreover, because Plaintiff claims that a significant feature of the alleged trade dress is its use of the colors black and red, its burden is particularly heavy because "color marks by their very nature are not generally distinctive." *Mana Products,* 65 F.3d at 1070{ TA \s "Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc." }.

Plaintiff's claim to have sold "millions of units" of the Urban Rebounder product since 2000 (see Memo in Opposition, p. 6; Affirmation in Opposition, p. 4) fails to adequately plead that the alleged trade dress has acquired secondary meaning. First, Plaintiff has failed to identify how many of the purported "millions of units" utilized the alleged trade dress, which according to the Amended Complaint has only been in use since 2008 (Amended Complaint ¶¶ 17, 22). Moreover, Plaintiff has not asserted any facts relating to consumer surveys, sales success,

marketing expenditures, media coverage,[2] or the length and exclusivity of its use of the alleged trade dress, which would show that the purchasing public associates the alleged trade dress with Plaintiff.  Conclusory references to widespread sales or media coverage of the products at issue will not suffice.  *See ID7D Co.,* 2012 WL 1247329, at *8{ TA \s "ID7D Co., Ltd. v. Sears Holding Corp." } (conclusory references to "widespread sales" and devotion of "substantial resources" to advertising do not enable the court to draw the reasonable inference that the alleged trade dress has acquired secondary meaning); *Heptagon Creations,* 2011 WL 6600267, at *8{ TA \s "Heptagon Creations, Ltd. v. Core Group Marketing LLC" } (allegations that products were featured in magazines were insufficient to establish secondary meaning where the complaint did not contain any allegations regarding advertising expenditures or consumer surveys linking the alleged trade dress to a particular source).

Likewise, Plaintiff has failed to plead sufficient facts to support a finding that its alleged trade dress is famous under the TDRA.  In order for a trade dress to qualify as "famous" under the TDRA, it must be "widely recognized by the general consuming public of the United States" as a designation indicating a single source of goods or services.  *Heller Inc.*, 2009 WL 2486054, at *3{ TA \s "Heller Inc. v. Design Within Reach, Inc." } (citing 15 U.S.C. § 1125(c)(2)(A){ TA \l "15 U.S.C. § 1125(c)(2)(A)" \s "15 U.S.C. § 1125(c)(2)(A)" \c 6 }).  Courts generally have limited famous marks to "those that receive multi-million dollar advertising budgets, generate

---

[2] While Plaintiff perfunctorily claims that its Urban Rebounder product has been "featured" on several television shows (Amended Complaint ¶ 10), Plaintiff notably fails to plead that any of the products featured on those shows utilized the alleged trade dress.  Plaintiff alleges that its Urban Rebounder product featuring the allegedly distinctive red and black color scheme has been sold only since 2008 and, while not expressly mentioned in the Amended Complaint, Plaintiff previously sold other versions of the Urban Rebounder product with different color schemes.  Thus, in the absence of additional facts explaining how consumers viewing those television appearances would come to perceive the alleged trade dress as a distinctive feature identifying Plaintiff as the source of the Urban Rebounder product, such allegations fail to show that Plaintiff's trade dress infringement claim is even facially plausible.  *Heller Inc.*, 2009 WL 2486054, at *4{ TA \s "Heller Inc. v. Design Within Reach, Inc." }.

hundreds of millions of dollars in sales annually, and are almost universally recognized by the general public." *Id*{ TA \s "Heller Inc. v. Design Within Reach, Inc." }.

Thus, even assuming as true all of the alleged facts relied on by Plaintiff (see Memo in Opposition, p. 9), none of those facts would permit the Court to find that the alleged trade dress is "widely recognized by the general consuming public" as an indicator of source associated with Plaintiff. *See Luv N' Care, Ltd. v. Regent Baby Products Corp.*, --- F.Supp.2d ----, 2012 WL 78042, at *4 (S.D.N.Y. Jan. 11, 2012){ TA \l "*Luv N' Care, Ltd. v. Regent Baby Products Corp.*, 2012 WL 78042 (S.D.N.Y. Jan. 11, 2012)" \s "Luv N' Care, Ltd. v. Regent Baby Products Corp." \c 3 } (plaintiffs that pled no facts regarding their advertising and publicity of the products at issue failed to adequately plead fame of alleged trade dress); *Heller Inc.*, 2009 WL 2486054, at *4{ TA \s "Heller Inc. v. Design Within Reach, Inc." } (dismissing dilution claim where plaintiff did not plead any factual allegations that would make a claim of fame plausible, such as facts about its advertising budget or the strength of its consumer recognition in the general population). Neither continuous use of a mark nor a high volume of sales is sufficient to establish a claim for dilution. *SMJ Group, Inc. v. 417 Lafayette Restaurant LLC*, No. 06 Civ. 1774, 2006 WL 2516519, at *4 (S.D.N.Y. Aug. 30, 2006){ TA \l "*SMJ Group, Inc. v. 417 Lafayette Restaurant LLC*, No. 06 Civ. 1774, 2006 WL 2516519 (S.D.N.Y. Aug. 30, 2006)" \s "SMJ Group, Inc. v. 417 Lafayette Restaurant LLC" \c 3 }. Moreover, Plaintiff's allegations regarding its product being "featured" on television are likewise inadequate to plead fame, for the reasons discussed above.

## V.     CONCLUSION

Accordingly, for the reasons set forth in DSG's Motion to Dismiss and hereinabove, DSG respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6){ TA \s "Fed. R. Civ. P. 12(b)(6)" }.

|  |  |
|---|---|
|  | Respectfully submitted |
| Dated:  July 25, 2012 | */s/ Michael A. Nicodema*<br>Michael A. Nicodema (MAN2949)<br>Greenberg Traurig, LLP<br>200 Park Avenue<br>Florham Park, NJ  07932<br>(973) 360-7900<br><br>Jeffrey P. Dunning (admitted *pro hac vice*)<br>Mark R. Galis (admitted *pro hac vice*)<br>Elysa Q. Wan (admitted *pro hac vice*)<br>Greenberg Traurig, LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL  60601<br>(312) 456-8400<br><br>*Attorneys for Defendant Dick's Sporting Goods, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing DICK'S SPORTING GOODS, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated:  July 25, 2012                          /s/ Michael A. Nicodema